IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-58 |
| | ) | (VARLAN/GUYTON) |
| JAMES ALAN CARR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On July 5, 2006, the parties appeared before the Court for a scheduled motion hearing on Defendant Carr's motion to determine mental competency [Doc. 13] and Notice of Insanity Defense [Doc. 12], both filed on June 26, 2006, and the government's Motion For Psychiatric Or Psychological Evaluation [Doc. 15], filed on June 27, 2006. Assistant United States Attorney Tracee Plowell appeared on behalf of Tracy Stone for the government. Attorney Elizabeth Ford appeared on behalf of the defendant, who was also present.

In Defendant's motion [Doc. 13], Attorney Ford moves, pursuant to 18 U.S.C. § 4241 (a), for an order for psychiatric and psychological evaluation on the basis that there is reasonable cause to believe Defendant Carr may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. At the July 5

1

hearing, Attorney Ford also stated that she was moving for a mental evaluation of Defendant based on her conversations with Defendant, her conversations with Defendant's family, and her review of the discovery in this case.

The government, likewise, moves [Doc. 15] the Court for entry of an order directing that a psychiatric or psychological examination of the Defendant be conducted, and that the resulting report be filed with the Court in accordance with 18 U.S.C. § 4247(b) and (c).

After carefully considering Defendant's motion to determine mental competency [Doc. 13] and Notice of Insanity Defense [Doc. 12], and the government's Motion For Psychiatric Or Psychological Evaluation [Doc. 15], as well as the representations made by defense counsel at the July 5 hearing, the Court finds there is reasonable cause to believe that the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Accordingly, the Court finds that the defendant should undergo a full evaluation under 18 U.S.C. § 4241 (a) and (b). Thus, the motions [**Docs. 13 and 15**] are **GRANTED**.

With regard to the August 22, 2006 trial date, the Court finds that the present trial date must be continued and that a realistic trial date cannot be set at this time. The time during which the defendant is undergoing a mental examination is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, up to ten days of transportation time is excludable under the Act. 18 U.S.C. § 3161(h)(1)(H). Once the defendant returns from his examination, the Court will need to hold a competency hearing, the time for which will also be excludable. See 18 U.S.C. § 3161(h)(1)(F). If the defendant is found competent, the parties will need time to prepare for trial.

See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that the ends of justice served by the continuance for an evaluation outweigh the best interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). A new trial date will not be set at this time. A status conference and/or competency hearing is set for **September 27, 2006 at 9:30 a.m.**

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

   a. the defendant's history and present symptoms;

   b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. the examiner's findings; and

   d. the examiner's opinions as to diagnosis, prognosis, and

   (1) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   (2) whether the defendant suffered from such mental disease or defect which rendered him insane at the time of t he offense charged.

3

3. That a status hearing or hearing on the question of the defendant's competency to stand trial is presently set for **September 27, 2006 at 9:30 a.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

4. That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6. That the psychiatrist/psychologist have access to all available medical records on the defendant.

7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

    (a)    Government's counsel: Tracy L. Stone
              P.O. Box 872, Knoxville, TN 37902
              (865) 545-4167

    (b)    Defense counsel: Elizabeth B. Ford
              Federal Defender Services of Eastern Tennessee, Inc.
              Knoxville, TN 37902
              (865) 637-7979

    (c)    Pretrial Services Officer: Carol Cavin
              800 Market Street, Suite 120, Knoxville, TN 37902
              (865) 545-4017

8. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

9. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental

4

evaluation. A competency hearing/status conference has been scheduled for **September 27, 2006 at 9:30 a.m.**

      10. The trial will be reset at the status conference/competency hearing.

**IT IS SO ORDERED.**

ENTER:

           <u>s/ H. Bruce Guyton</u>
           United States Magistrate Judge