UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CR-58 |
| | ) | | (VARLAN/GUYTON) |
| JAMES ALAN CARR, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This criminal case was before the Court on January 16, 2009 for the imposition of judgment and sentencing of defendant, James Alan Carr. [*See* Doc. 66.] The Court considered defendant's motion for variance [Doc. 60], defendant's objections to the presentence report contained within his sentencing memorandum [Doc. 61], and the government's response in opposition to defendant's motion for variance and sentencing memorandum [Doc. 63], as well as the parties' arguments at the sentencing hearing.

At the sentencing hearing, the Court ruled on defendant's motions, determined the advisory guideline range applicable to defendant's sentencing, and consistent with these determinations and after carefully considering the factors listed in 18 U.S.C. § 3553(a), imposed a sentence of 151 months. Because of the unique question of law raised by defendant that the offense of escape is not a conviction for a crime of violence, the Court further explains its ruling on that issue as follows:

**I.   Background Information**

On July 10, 2008, defendant pled guilty to bank robbery. The presentence investigation report ("PSR") states that defendant has been convicted of a least two prior felony convictions of either a crime of violence or a controlled substance violation and, therefore, is a career offender within the meaning of U.S.S.G. § 4B1.1. The two prior felony convictions reported in the PSR as giving rise to career offender status are defendant's June 29, 1998 conviction for aggravated burglary, in case number c-11039, and his June 29, 1998 conviction for escape, in case number c-11040, both in the Blount County Criminal Court. Defendant objects to the conclusion that he is a career offender based upon these offenses, arguing that the offense of escape is not a conviction for a crime of violence, and therefore, is not a predicate offense for career offender status pursuant to U.S.S.G. § 4B1.1.

**II.   Analysis**

Pursuant to the United States Sentencing Commission Guidelines Manual, a defendant's advisory guideline range may be increased if the Court determines that he is a career offender. U.S.S.G § 4B1.1. Section 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G § 4B1.1(a). Section 4B1.2(a) defines a crime of violence as,

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

2

>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G § 4B1.1(a) (emphasis added to delineate the "otherwise" clause). For a crime to be a violent felony under the "otherwise" clause, it must be similar to the enumerated offenses of burglary of a dwelling, arson, or extortion, or a crime that involves use of explosives. *United States v. Begay*, 128 S. Ct. 1581, 1585 (2008).[1]

In determining whether defendant's prior conviction was for a violent felony under the "otherwise" clause, the Court is to apply a categorical approach, meaning that the Court looks only to whether the elements of the offense are of the type that would classify it as a violent felony, and not to the facts underlying defendant's conviction. *Id.* at 1584; *United States v. Goodman*, 519 F.3d 310, 317 (6th Cir. 2008); *see also Chambers v. United States*, 129 S. Ct. 687, 690 (2009). Only if the categorical inquiry is not determinative does the Court examine the circumstances of defendant's case. *See United States v. Foreman*, 436 F.3d 638, 641 (6th Cir. 2006). *But see United States v. Oaks*, No. 06-6056 (6th Cir. Feb. 9, 2009) (remanding to the district court for determination of the type of facility and level of security involved at the time of the defendant's escape).

---

[1] Although *Begay* involved sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), the analysis is equally applicable to consideration of career offender status. *See United States v. Johnson*, No. 06-6545 (6th Cir. Jan. 20, 2009); *United States v. Houston*, 187 F.3d 593, 594-95 (6th Cir. 1999).

3

"Because the categorical approach is not a fact-based approach . . . a determination that 'most instances of an offense involve a serious potential risk of injury' is sufficient to support the conclusion" that a prior conviction involves conduct that presents a serious potential risk of physical injury to another. *Id.* at 317 (citations omitted). "The offense need not be dangerous in every conceivable case in which its elements are met. Rather the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *United States v. Skipper*, No. 07-3658 (6th Cir. Jan. 13, 2009) (citing *United States v. James*, 550 U.S. 192 (2007)).

Thus, in this case, the Court must determine whether the crime of escape under Tennessee law poses a serious potential risk of injury in most cases, but not every conceivable case. Tennessee's escape statute under which defendant was convicted states, "It is unlawful for any person arrested for, charged with, or convicted of an offense to escape from a penal institution." Tenn. Code Ann. § 39-16-605. Prior to the Supreme Court's decision in *Begay*, in all cases in which the Sixth Circuit has considered the question, it has determined that a conviction under the Tennessee escape statute is a violent felony. *See, e.g.*, *United States v. Goodman*, 519 F.3d 310 (6th Cir. 2008); *United States v. Houston*, 187 F.3d 593 (6th Cir. 1999); *United States v. Harris,* 165 F.3d 1062 (6th Cir.1999).[2]

---

[2] Though the statutory language of the crime for which each of the defendants in the cited cases differs slightly from the statutory language of the crime for which this defendant was convicted, the differences are not significant to the Court's inquiry here.

4

The Court finds defendant's contention that there is a Circuit split on this issue is without merit because the only case cited by defendant in which the Sixth Circuit found that the crime of escape was not a violent felony involved a conviction under the Michigan escape statue, in which differs from the Tennessee statute. *See United States v. Collier*, 493 F.3d 731 (6th Cir. 2007). Under the Michigan statute, the crime is complete once the escapee leaves state custody rather than an ongoing crime as it is in Tennessee and Kentucky. *See United States v. Lancaster*, 501 F.3d 673 (6th Cir. 2007) (considering the applicability of a conviction under the Kentucky escape statute and specifically distinguishing *Collier* on the basis of the fact that the offense under Michigan law was completed at the moment the escapee leaves custody while the offense is ongoing under Kentucky law). Thus, the Court must only determine if *Begay* overruled the Sixth Circuit cases applying the Tennessee escape statute.

In *Begay*, the Court concluded that the crime of driving under the influence ("DUI") under New Mexico's statute was "too unlike the provision's listed examples for us to believe that Congress intended the provision to cover it." 128 S. Ct. at 1584. In making this determination, the *Begay* Court focused on the fact that the enumerated offenses "all typically involve purposeful, "violent," and "aggressive" conduct. *Id.* at 1586 (citations omitted). The Supreme Court explained, that "statutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose

5

strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." *Id.* at 1586-87.

Considering *Begay*'s analysis, the Court concludes that escape under Tennessee law is a felony which involves conduct that presents a serious potential risk of physical injury to another and is similar to the crimes enumerated in U.S.S.G. § 4B1.2(a)(2), and, therefore, qualified as a predicate offense for career offender status. Escape as criminalized in Tennessee typically requires a defendant to act purposefully, with a serious potential for violent and aggressive conduct. *See Harris*, 165 F.3d at 1067-8.

> "[E]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so. . . . A defendant who escapes from a jail is likely to possess a variety of supercharged emotions, and in evading those trying to recapture him, may feel threatened by police officers, ordinary citizens, or even fellow escapees. Consequently, violence could erupt at any time. Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody."

*Id.* at 1068 (quoting *United States v. Gosling*, 39 F.3d 1140, 1142 (10th Cir. 1994)). Therefore, the Court finds that *Begay* does not alter the Sixth Circuit's previous conclusion that escape under Tennessee law is a violent felony.

Finally, the Court further notes that it need not rely on *Chambers v. United States*, 129 S. Ct. 687 (2009), as urged by the defendant at the sentencing hearing. *Chambers* involved a defendant convicted of failing to report for periodic imprisonment. 129 S. Ct. 687. The Supreme Court determined that the crime was not a violent felony for the purposes of sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Chambers* is

6

distinguishable from defendant's case now before the Court because escape is not treated as the same crime as failure to report. Though same Illinois statute criminalizes both failure to report and escape, the *Chambers* Court expressly stated that it was treating failure to report as a separate crime from escape. *Id.* at 690-91; 693. Elaborating, the Supreme Court stated, "The behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." *Id.* at 691. Thus, the holding in *Chambers* is not applicable here.

### III. Conclusion

In light of the discussion above, the Court is in agreement with the PSR and the government that defendant's conviction under the Tennessee escape statute is a violent felony for purposes of career criminal status. Because defendant has been convicted of a least two prior felony convictions of either a crime of violence or a controlled substance violation, he is a career offender within the meaning of U.S.S.G. § 4B1.1. for the purpose of determining the appropriate advisory guideline range. The sentence and conditions imposed at the sentencing hearing are incorporated herein.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7