UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CR-58 |
| | ) | | (VARLAN/GUYTON) |
| JAMES ALAN CARR, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on remand from the Court of Appeals for the Sixth Circuit. The defendant was originally sentenced by this Court to 151 months' imprisonment on January 16, 2009. In light of the Supreme Court's decision in *Chambers v. United States*, 129 S. Ct. 687 (2009), and the Sixth Circuit's decision in *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009), the Sixth Circuit remanded this case "for a determination of whether the defendant's conviction constitutes a crime of violence under the Supreme Court's reasoning in *Chambers* and, if not, for resentencing." [*See* Doc. 73.] Both parties filed memoranda on the issue of whether defendant's prior conviction of escape constitutes a crime of violence and the Court heard oral arguments on the issue on August 10, 2009. After consideration of the parties' arguments and the relevant law, for the reasons stated herein, the Court determines that defendant's prior conviction of escape does not constitute a crime of violence for purposes of sentencing as a Career Offender pursuant to U.S.S.G. § 4B1.1(a)(2) and, accordingly, the Court will schedule a hearing to resentence this defendant.

## I. Background

On July 10, 2008, defendant pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). The presentence report recommended sentencing the defendant as a career offender under U.S.S.G. § 4B1.1(a)(2) because of his prior felony convictions for burglary and escape. Defendant did not contest that his prior conviction of burglary was a crime of violence but objected to the determination that his prior conviction for jail escape was a crime of violence. The facts of defendant's prior conviction of escape were that he walked away from the Lakeshore Hospital during a period of incarceration. The Court overruled defendant's objection, found that the defendant was a career offender pursuant to U.S.S.G. § 4B1.1(a)(2), and sentenced him to a term of imprisonment of 151 months. The defendant appealed.

On March 18, 2009, the Sixth Circuit decided *United States v. Ford*, 560 F.3d 420 (2009), in which the court held that the defendant's prior Kentucky conviction for second-degree escape did not constitute a crime of violence. The *Ford* court determined that *Chambers v. United States*, 129 S.Ct. 687 (2009),[1] modified the law in regard to escape as

---

[1]*Chambers* was decided by the Supreme Court three days before the Court originally imposed sentence in this case but expressly not relied upon by this Court at that time. The Court distinguished *Chambers* in its sentencing memorandum and order [Doc. 70] stating:

> Finally, the Court further notes that it need not rely on *Chambers v. United States*, 129 S. Ct. 687 (2009), as urged by the defendant at the sentencing hearing. *Chambers* involved a defendant convicted of failing to report for periodic imprisonment. 129 S. Ct. 687. The Supreme Court determined that the crime was not a violent felony for the purposes of sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Chambers* is distinguishable from defendant's case now before the Court because escape is not treated as the same crime as failure to report. Though same Illinois statute criminalizes both failure to report and escape, the *Chambers* Court expressly stated that it was treating failure to report as a separate crime from escape. *Id.* at 690-91; 693. Elaborating, the Supreme Court

2

a violent felony. Accordingly, the parties jointly moved for remand, which the Sixth Circuit

granted.

## II. Analysis

A defendant is considered a career offender, resulting in an increased advisory

guideline range if:

> (1) the defendant was at least eighteen years old at the time the defendant committed
> the instant offense of conviction; (2) the instant offense of conviction is a felony that
> is either a crime of violence or a controlled substance offense; and (3) the defendant
> has at least two prior felony convictions of either a crime of violence or a controlled
> substance offense.

U.S.S.G § 4B1.1(a). Section 4B1.2(a) defines a crime of violence as,

> [A]ny offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that–
>
> (1)    has as an element the use, attempted use, or threatened use of physical
>        force against the person of another, or
>
> (2)    is burglary of a dwelling, arson, or extortion, involves use of
>        explosives, or *otherwise involves conduct that presents a serious
>        potential risk of physical injury to another.*

U.S.S.G § 4B1.1(a) (emphasis added to delineate the "otherwise" clause). The Supreme

Court in *Chambers* and the Sixth Circuit in *Ford* have recently considered whether certain

escape offenses constitute a predicate offense for career offender status. Because the Sixth

Circuit remanded this case "for a determination of whether the defendant's conviction

---

stated, "The behavior that likely underlies a failure to report would seem less likely to
involve a risk of physical harm than the less passive, more aggressive behavior underlying
an escape from custody." *Id.* at 691. Thus, the holding in *Chambers* is not applicable here.

3

constitutes a crime of violence under the Supreme Court's reasoning in *Chambers* and, if not, for resentencing[,]" the Court will begin with a discussion of *Chambers* and *Ford*, which applies *Chambers*.

### A.     *Chambers* **and** *Ford*

In *Chambers*, the Supreme Court determined that failure to report for periodic imprisonment was not a violent felony for the purposes of sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).  129 S. Ct. 687.  The *Chambers* Court first determined that failure to report under the Illinois escape statute counts as a separate crime than other forms of escape.  *Id.* at 691.  The Court then determined that failure to report is not a violent felony because it does not "involve conduct that presents a serious potential risk of physical injury to another."  *Id.* at 692 (quoting *United States v. Begay*, 128 S. Ct. 1581, 1583-84 (2008)).  The Court further explained that failure to report is "a far cry from the purposeful, violent, and aggressive conduct potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion."  *Chambers*, 129 S. Ct. at 692 (internal quotations omitted).  The Court remanded the case.

In *Ford*, the Sixth Circuit applied *Chambers* to a case in which the parties agreed that the defendant committed a "walkaway" escape.  560 F.3d at 426.  After acknowledging that at the time of Ford's original sentencing the law of the Circuit was that a walkaway escape was a violent felony, the court stated, "*Chambers* . . . undermines the notion that a "walkaway" conviction is a crime of violence."  *Id.* at 423.  The court stated that "in the

4

aftermath of *Chambers*, a "walkaway" is a meaningfully distinct and meaningfully distinguishable category of escape as a matter of federal law." *Id.* The court continued,

> If *Chambers* permits the federal courts to treat failures to report as separate offenses under Illinois law, it would seem to permit them under Kentucky law, whether the state statute separately describes them or not, because the end-game question is whether the offense is a "crime of violence," U.S.S.G. § 4B1.2(a), which is a matter of federal, not state, law. Much as failures to report to custody represent a distinct form of escape, moreover, so do walkaways. There is a difference between individuals who overcome physical barriers to freedom and those who walk off the grounds-those in other words who leave a facility without removing a physical restraint, without breaking a lock on a door, without climbing over a prison wall or security fence or without otherwise breaking through any other form of security designed to keep them put. *See Templeton*, 543 F.3d at 382-83; *see also United States v. Piccolo*, 441 F.3d 1084, 1088-89 (9th Cir.2006). An unauthorized departure from a halfway house comes to mind, as does an unauthorized departure from an unsecured facility.

*Id.* The court also noted that a walkaway escape does not present a risk of physical injury to others nor does it involve the same type of purposeful, violent and aggressive conduct as the crimes listed in U.S.S.G. § 4B1.2 as examples of crimes of violence. *Id.* at 424-25. Ultimately, the court clearly held that under federal law, "a walkaway is not a crime of violence." *Id.* at 426.

Thus, after *Ford*, it is clear that a walkaway escape is not considered a predicate violent felony for career offender status. However, that does not resolve the issue now before the Court, because, as discussed below, unlike in *Chambers* and *Ford*, applying the categorical approach, along with limited exception articulated in *Shepard v. United States*, 544 U.S. 13 (2005), there is no evidence the Court may consider which shows that defendant's escape was a failure to report or walkaway escape.

5

### B.     The Categorical Approach

In determining whether a defendant's prior conviction was for a violent felony under the "otherwise" clause of U.S.S.G. § 4B1.1, the Court is to apply a categorical approach. *Taylor v. United States*, 495 U.S. 575, 602 (1990). The categorical approach only permits the sentencing court to consider whether the statutory elements of the offense are of the type that would classify it as a violent felony, and not the facts underlying the defendant's conviction. *Begay*, 128 S. Ct. at 1584 (2008); *Ford*, 560 F.3d at 422-23 (quoting *Taylor*, 495 U.S. at 602). That is, the court looks at the prior offense "generically . . . in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay*, 128 S. Ct. at 1584. The categorical approach prohibits a "broad factual inquiry" into the circumstances surrounding a prior conviction. *United States v. Bailey*, 510 F.3d 562, 565 (6th Cir. 2007).

There is only one narrow situation in which the court can look beyond the statutory elements, and even then, the things the court may consider in a case where defendant entered a plea are limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26; *see also Ford*, 560 F.3d at 423 ("If it is possible to violate a criminal law in a way that amounts to a crime of violence and in a way that does not, [the court may] look at the indictment, guilty plea and similar documents to see if they 'necessarily' establish the nature of the prior offense."). Other comparable judicial records

6

of information are "conclusive records made or used in adjudicating guilt." *Shepard*, 544 U.S. at 21. The court may not consider police reports, complaint applications, or other similar documents containing information which has not been found beyond a reasonable doubt or confirmed by the defendant, even if there is reliable evidence to suggest that it is true. *Id.* at 16, 22-23.

The reason that a sentencing court may not look to the underlying circumstances of the prior conviction is that "any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant." *Id.* at 24. Thus, if the facts available from the documents the court may consider do not satisfy the court that defendant was convicted of a violent felony, then the prior conviction cannot be used as a predicate offense for career offender status. Similarly, if the result is a "tie," the Court must rule in favor of the defendant and the prior conviction cannot be used as a predicate offense. *Ford*, 560 F.3d at 425.

Here, the defendant objects to his prior offense of escape in violation of Tennessee Code Annotated § 39-16-605 being used as a predicate offense for career offender status. Section 39-16-605 states, "It is unlawful for any person arrested for, charged with, or convicted of an offense to escape from a penal institution." Escape is defined as an "unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but does not include a violation of conditions of probation or parole." *Id.* at § 39-16-601. Based upon the statutory language, violence is not a necessary element of the crime of escape. In fact, the government admits that not all

7

convictions for escape under § 39-16-601 are crimes of violence. [Doc. 75 at 7.] Thus, the statutory definition is not determinative of whether it is a violent felony for purposes of career offender status. Accordingly, the Court must apply *Shepard* and look to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, and any admissions made by the defendant.

The charging document, an Information filed in the Blount County Circuit Court on June 29, 1998, charged defendant with "unlawfully and knowingly escap[ing] from Blount County Jail located in Blount County, Tennessee, having been lawfully held there due to charges of aggravated burglary and theft." [Doc. 75-1.] The transcript of the plea colloquy shows that defendant stipulated to this statement of offense conduct. [Doc. 75-2 at 5.]

The defendant submitted, and requests that the Court consider, an arrest warrant issued on April 21, 1998, which states that defendant, "an inmate at Blount County Jail, was committed to Lakeshore Mental Hospital for emergency treatment. [Defendant] was not released from custody and left Lakeshore without authorization on April 20, 1998 and failed to return to Blount County Jail." Defendant argues that the arrest warrant should be considered a charging document under *Shepard*. The Court does not agree. Both *Shepard* and *Ford* permit the Court to look only to facts which have been deemed proved by a fact finder or to which defendant has admitted. *Shepard* specifically states that the court may not consider police reports or complaint applications. Thus, in a case in which defendant enters a guilty plea, the charging documents, as the phrase is used in *Shepard*, are the documents

8

to which a defendant admits when pleading guilty. Defendant did not admit to the facts alleged in the arrest warrant when he entered his guilty plea, and thus, the arrest warrant is not a document the Court may consider pursuant to *Shepard* in determining whether defendant's conviction was a violent felony.

Thus, the only evidence in the record that the Court is permitted to consider regarding defendant's offense conduct states that he escaped from Blount County Jail. The government, therefore, is correct in its argument that there is no evidence in the documents the Court may consider that the physical location from which defendant escaped was Lakeshore Mental Health Institute or that it was simply a walkaway escape. However, this does not result in a ruling in the government's favor as the evidence the Court may consider, that defendant unlawfully escaped from Blount County Jail, does not show that defendant's crime was a violent felony.

The government apparently would like for the Court to presume that any escape from a place with "jail" in its name is a violent felony. The Court notes that there is no evidence in the record regarding the security of the Blount County Jail or any other fact that would lead the Court to the conclusion that an escape from the Blount County Jail is necessarily a crime of violence. In fact, although the underlying circumstances that defendant walked away from Lakeshore Mental Health Institute may not be considered for the purposes of determining whether defendant was convicted of a violent felony, it does show a situation in which an unlawful escape from Blount County Jail was a walkaway escape. Because *Ford*

made it clear that a walkaway escape is not a violent felony, it shows that not all convictions of escape from Blount County Jail involve violent circumstances.

The government argued at the hearing that this is an absurd result because, by applying the law in this fashion, a court would never be able to find that escape is a violent felony. However, an argument on a similar rationale was rejected in *Shepard*. The government in *Shepard* argued that not allowing the court to consider evidence such as police reports and complaint applications would result in inconsistent application of a federal law nationally because whether a sentencing enhancement for career offender status applies would often depend upon state court record-keeping practices and state prosecutors' charging practices. 544 U.S. at 22. The Supreme Court rejected this argument stating that it was inconsistent with the categorical approach required by *Taylor* and there was no reason to upset such precedent. *Id.* at 23.

It may be the case that due to state court record-keeping practices and state prosecutors' charging practices, a sentencing court would never be able to determine whether a defendant who pleaded guilty to escape under the Tennessee escape statute committed a violent felony without looking beyond the documents the court is permitted to consider. However, the Court must apply the controlling precedent and therefore, is not in a position to vary from the categorical approach due to this result.

**III.    Conclusion**

For all of the reasons just discussed, the Court is not satisfied that defendant's conviction for escape was a conviction for a violent felony and, thus, it will not be treated as a predicate offense for career offender status. Accordingly, a hearing for resentencing is scheduled for **<u>Friday, September 25, at 3:30 p.m.</u>**

IT IS SO ORDERED.

s/ Thomas A. Varlan

UNITED STATES DISTRICT JUDGE
